IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| SEAN R. BAUER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | COMPLAINT |
| vs. ) | (JURY TRIAL REQUESTED) |
| ) | |
| CITY OF NORTH CHARLESTON, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The Plaintiff, Sean R. Bauer, by and through his undersigned attorneys Bonnie Travaglio Hunt of Hunt Law LLC and Peter M. Kaufman of Kaufman Labor Employment Solutions, LLC, does hereby make the following claims and allegations:

**PARTIES AND JURISDICTION**

1. The Plaintiff is a resident of the State of South Carolina. At all times employed with City of North Charleston in Charleston County.

2. The Defendant, City of North Charleston (hereinafter referred to as City) is a public entity which operates in the State of South Carolina.

3. All parties and events herein mentioned are within the jurisdiction of this Honorable Court.

4. This Court has jurisdiction over the parties and subject matter and venue is proper.

**PROCEDURAL HISTORY**

5. That on September 2, 2022, the Plaintiff filed a charge of discrimination with the EEOC alleging Religious Discrimination, Hostile Work Environment, and Retaliation.

6. That the Charge of Discrimination set forth the following:

   I. *That I am a former employee of the Employer. That I was hired by the Employer as a Police Officer on April 6, 2006.*
   II. *That I am a Catholic. That based on my religion I have sincerely held religious beliefs regarding the ethical nature of the vaccine.*
   III. *That I requested an exemption due to my sincerely held religious beliefs. That my employer denied my exemption/accommodation request.*
   IV. *That I filed a request with the Courts to have restraining order in place to prevent my termination.*
   V. *That I was terminated on November 18, 2021, for my refusal to have the vaccine.*
   VI. *That my employer failed and refused to provide an exemption.*
   VII. *That due to my requests for exemption based on my sincerely held religious beliefs my employer discriminated against me due to my religion, subjecting me to retaliation and hostile work environment.*
   VIII. *My employer failed and refused to treat me fairly based on my religion and exemption requests. accommodation.*
   IX. *That as a result of my requests I was subjected to a hostile work environment that was severe and pervasive.*
   X. *That I was subjected to a hostile work environment based on Religious Exemption/Accommodation requests in violation of Title VII.*
   XI. *That I have been subjected to retaliation based on my requests and my complaints regarding the exemptions. My employer has retaliated against me by changing the terms and conditions of my employment and instituting a discriminatory work environment that is severe and pervasive in violation of Title VII.*

7. That the EEOC failed to conduct an investigation into the Plaintiff's Charge of Discrimination and issued a Right to Sue on September 29, 2022.

8. The EEOC Right to Sue set forth the following:

   *"DETERMINATION OF CHARGE*
   *The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.*

*NOTICE OF YOUR RIGHT TO SUE*
*This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice. Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)*
*If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 415-2022-1569."*

9. That not more than 90 days have passed since the issuance of the Right to Sue.

**FACTS**

10. That the Plaintiff was hired by the City of North Charleston on April 6, 2006, as a Police Officer.

11. That the Plaintiff was considered an exemplary employee during his employment at the City.  The Plaintiff did not receive discipline while employed with the City up and until his termination.

12. That the Plaintiff's last supervisor was Sgt. Chris Ware.

13. That on September 20, 2021, the Plaintiff submitted a Request for Religious Exemption/Accommodation to the City.  The Form set forth the following:  "In the interests of promoting and providing a safe working environment, the City has imposed a requirement that employees be vaccinated with a vaccine approved by the FDA (whether standard or emergency use approval) to prevent infection and spread of the virus caused by COVID-19.  In addition to its duty to pursue a workplace free from known threats, the City also understands and is committed to satisfying its obligation to prevent and protect employees from unlawful discrimination and retaliation based on religion.  Upon notice

from an employee of a sincerely held religious belief that prohibits the employee from receiving a COVID-1 vaccine, the City will engage in an interactive process with the employee to determine whether and what reasonable accommodation might be appropriate, and will grant a reasonable accommodation provided that same does not impose an undue hardship (as that terms is used by applicable law)on the City and provided it does not present a direct threat of safety to others.  Whether and what accommodation is appropriate will be determined through an individualized interactive process beginning with a review of the relevant information submitted by an employee requesting exemption.  To request a religious exemption/accommodation related to the COVID-19 Vaccine mandate, all requesting employees should complete Part 1 of this form and submit it to the City's Human Resources office.  Part 2 of the form is for Human Resources use only.  Upon receipt of a fully completed request, Human Resources may need to meet with a requesting employee to further engage in the interactive process to determine whether and what accommodation is appropriate. PART 1 (To be completed by the requesting employee) Name of requesting employee: Sean Bauer

"In some cases, the City may need to meet or communicate with you to obtain additional information about religious belief(s) or practice(s) in order to fully and understand and consider your request for an exemption and determined what, if any reasonable accommodation is appropriate.  Your cooperation in this interaction is necessary to complete the exemption request process.

"VERTIFICATION: I verify that the information I am submitting in support of my request for an exemption is complete and accurate to the best of my knowledge. I understand that providing false or misleading information as part of this request will subject me to disciplinary action. I acknowledge that my request for accommodation may be denied if there is no reasonable accommodation that can be made without creating a direct threat to others in the workplace or causing an undue hardship on the city."

14. The Plaintiff properly completed the form and submitted it to HR.

15. On November 18, 2021, the Plaintiff was notified by Janie E. King, the Director of Human Resources that his request for an exemption/accommodation was denied.

16. The document set forth the following:

*This is to notify you that your request for a religious exemption and accommodation has been reviewed and is denied. The reasons for this denial are discussed below followed by an explanation of what happens next.*

*WHY THE CITY CANNOT GRANT YOUR REQUEST*

*First, the nature of your duties as a police officer, regardless of rank, is such that the alternative methods of preventing spread of COVID are not practical. There is a constant potential for emergency situations during which you will not be able to wear a mask and/or maintain six feet of distance between yourself and citizens and other police personnel. The fact that NCPD has experienced so many COVID-related absences during recent months despite the department's best effort at using those tools makes it clear those measures were not sufficient.*

*Second, while there are some positions within NCPD with limited contact with others, those positions are few and far between, and the large number of police personnel requesting religious accommodation makes it impossible to transfer everyone with that request to such a position.*

*Third, the next most obvious accommodation method - weekly testing - is not feasible because police personnel and investigators are subject to being called upon to perform unscheduled work in emergency situations. It is not possible to*

*establish a weekly testing date that can accommodate that, and, for obvious reasons, the City does not have the option of not responding in an emergency because employees have not submitted weekly test results.*

*Fourth, a significant percentage of the City's police personnel requested religious exemptions and accommodations. The administrative complexity and cost of establishing a procedure and paying someone to maintain it and monitor compliance for that many personnel would impose an undue burden on the Department and the City.*

*Finally, the law only requires that employers attempt to accommodate a sincerely held religious belief. We note there were circumstances giving rise to questions about the sincerity of some of the beliefs proffered, and the City reserves all arguments on that issue. However, we need not address that at this time because the factors discussed above would prohibit accommodation regardless.*

*WHAT HAPPENS-NEXT:*

*As stated in the policy you received, any employee whose request for an accommodation was denied will have a period of fourteen (14) days in which to come into compliance. You are being given this notice on or before Friday, November 19, 2021. Under the policy, your new compliance deadline is Friday, December 3, 2021.*

17. On December 1, 2021, the Plaintiff was notified by Janie E. King, Director of Human Resources that he was no longer eligible to work. The notice stated "You are receiving this notice because you have not come into compliance with the City's vaccination policy. If you do not provide documentation confirming compliance to Angela Wimberley by noon on Friday December 3, 2021, you will not be eligible to continue to work. Our records indicate that you have failed to comply with in the following subject manner: Your request for an exemption was denied, and you have failed to submit proof of your first vaccination during the 14-day compliance period…    Although you have until noon Friday we encourage you to act quickly to ensure your submission is timely. If you fail to meet the deadline form compliance, you will not be permitted to work after

the end of your shift on Friday, December 3, 2021. You must turn in all gear, laptops, cell phones, vehicles, or other City equipment to your supervisor before you leave. You will be placed in an unpaid leave of absence status for the following 7 calendar days (until Friday, December 10, 2021). During this 7-day grace period, you still have the opportunity to show compliance by obtaining and submitting proof of your first vaccine shot. If you chose the Johnson & Johnson shot, you will not need to do anything further. If you choose either the Pfizer or the Moderna shots and submit that documentation by December 10, you will receive instruction about what to do during the interim period before your final shot. NOTE: Your only means of compliance during the 7-day grace period is to become vaccinated. We strongly encourage you to take advantage of this opportunity and come into compliance. By being vaccinated you help protect yourself and your coworkers, as well as the citizens we serve. If, by close of business (5:00 pm) Friday December 10, 2021, the City has not received proof that you have received your first vaccine, your employment will formally end at that time. You will need to check out with Human Resources to receive your final check on December 16, 2021."

18. On December 10, 2021, the Plaintiff was notified by Janie E. King, Director of Human Resources that he was terminated.

19. That the City failed and refused to accommodate the Plaintiff's requests for exemption for religious beliefs.

20. That the City made a determination that the Plaintiff's beliefs were not sincere.

21. That the Plaintiff complained about the City failing to grant him an exemption and accommodate his religion. The City fired him from his employment in retaliation for his complaints regarding discrimination.

22. That as a direct and proximate result of the City's intentional and unlawful action of wrongfully suspending the Plaintiff, wrongfully terminating the Plaintiff, the Plaintiff has suffered lost wages, emotional damages, compensatory and consequential damages.

23. That the Plaintiff is entitled to an award of all damages available under the law for the actions of the City discriminating against him based on his religion, failing to accommodate his request and retaliating against him by terminating his employment.

## FOR FIRST CAUSE OF ACTION

## RELIGIOUS DISCRIMINATION IN VIOLATION OF

## TITLE VII

24. That Paragraphs one (1) through twenty-three (23) are hereby incorporated verbatim.

25. That the Plaintiff has been treated differently based on his religion by the City.

26. That the Defendant allowed the Plaintiff to be discriminated against based on his religion in violation of the laws and their own policies and procedures.

27. That the Plaintiff was considered an exemplary employee.

28. That the Plaintiff properly requested an exemption from the COVID-19 vaccine in accordance with the law and the policy of the City.

29. That the City failed and refused to grant the Plaintiff an exemption contending that his religious beliefs were not sincere.

30. That the Plaintiff was subjected to differential treatment based on his religious beliefs.

31. That the Plaintiff was subjected to ridicule and differential treatment based on his religion. Other employees were not subjected to same ridicule or differential treatment.

32. That the Defendants discriminated against the plaintiff based on his Religion.

33. That the Defendants took adverse employment action against the Plaintiff by:

    (a) Failing to protect the Plaintiff from discrimination based on his Religion;

    (b) Refusing to enforce its own policies;

    (c) Suspending the Plaintiff from his employment; and

    (d) Terminating his employment under pretextual reasons.

34. That the Defendants subjected the Plaintiff to discrimination in violation of the law.

35. That, as a direct and proximate result of the Defendants' intentional, unlawful and discriminatory actions, the Plaintiff:

    (a) Suffered severe emotional distress;

    (b) Suffered lost wages and benefits;

    (c) Suffered future lost wages and benefits;

    (d) Incurred attorney's fees and costs of this action.

36. That the Plaintiff is entitled to an award of damages in the amount of actual damages, compensatory damages, consequential damages, punitive damages, attorney's fees, costs of this action, and other damages such as this Honorable Court deems appropriate and just.

### FOR A SECOND CAUSE OF ACTION

### RETALIATION FOR COMPLAINTS REGARDING RELIGIOUS DISCRIMINATION

37. That Paragraphs one (1) through thirty-six (36) are hereby incorporated verbatim.

38. That the Plaintiff is an employee as defined by Title VII.

39. That the Plaintiff has filed complaints regarding religious discrimination.

40. As a result of those complaints the plaintiff has been treated differently and subjected to retaliation.

41. That the Defendant retaliated against the Plaintiff by suspending him and terminating his employment.

42. That as a result of the Plaintiff's complaints the Plaintiff suffered retaliation for each of his complaints.

43. That the Plaintiff was considered an exemplary employee.

44. As a result of the Plaintiff's complaints regarding discrimination based on his Religion and hostile work environment based on her previous complaints the Defendant retaliated against the Plaintiff by suspending his employment, terminating his employment, and subjecting him to a hostile work environment.

45. The Defendant's actions described herein were intentional and inflicted upon Plaintiff to insure severe mental and emotional distress.

46. As a result of Defendant's actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which he should be compensated including, future losses related to refusals to provide appropriate raises and positions.

47. That the Defendant is the direct and proximate cause of injury to the Plaintiff.

48. That the Plaintiff is entitled to an award of damages from the Defendant. That the Plaintiff is entitled to recover damages from the Defendant in the amount of actual damages, consequential damages, punitive damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to Federal and State Law.

**PRAYER FOR RELIEF**

WHEREFORE plaintiff prays that this Honorable Court:

A. Accept jurisdiction over this matter, including the pendent claim;

B. Empanel a jury to hear and decide all questions of fact;

C. Award the Plaintiff lost wages, future lost wages, lost benefits and future lost benefits;

D. Award to plaintiff compensatory and consequential damages against the defendant;

E. Award to plaintiff All damages available to the plaintiff damages against the defendant for their malicious discrimination against the plaintiff in violation of Title VII;

F. Award to plaintiff the reasonable attorneys' fees and costs incurred in the prosecution of this matter;

G. Award all damages available to the Plaintiff pursuant to Federal Law and State Law;

H. Permanently enjoin the defendants, their assigns, successors, agents, employees and those acting in concert with them from engaging in religious discrimination, disparate treatment or retaliation against plaintiff and

I. Enter any other order the interests of justice and equity require.

Respectfully Submitted,

s/Bonnie Travaglio Hunt
Bonnie Travaglio Hunt
Hunt Law LLC
Federal Bar # 07760
SC Bar # 12341
Attorney for the Plaintiff
4000 Faber Place Drive, Suite 300, N. Charleston, 29405
Post Office Box 1845, Goose Creek, SC 29445
(843)553-8709
Facsimile (843)492-5509
bthunt@huntlawllc.com

s/Peter Kaufman
Peter Kaufman
Kaufman Labor & Employment Solutions, LLC
SC Bar #100144
295 Seven Farms Dr. Ste C-267
Charleston, SC 29492
(843)513-6062
pkaufmanlaw@gmail.com

November 30, 2022